IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES, (MALC)<br>    *Plaintiff*,<br><br>v.<br><br>STATE OF TEXAS, RICK PERRY, In his Official Capacity as Governor of The State of Texas, DAVID DEWHURST, In His Official Capacity as Lieutenant Governor of the State of Texas, and JOE STRAUS, in his Official Capacity as Speaker of the Texas House of Representatives<br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. 7:11-cv-00144 |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Defendants State of Texas, Rick Perry, in his official capacity as Governor of the State of Texas, David Dewhurst, in his official capacity as Lieutenant Governor of the State of Texas, and Joe Straus, in his official capacity as Speaker of the Texas House of Representatives, (collectively, "Defendants") file this Response in Opposition to Plaintiff's Motion to Remand to State Court.

**I.
INTRODUCTION**

This lawsuit is one of ten or more cases filed in Texas's state and federal courts purporting to challenge some aspect of the State's efforts to redraw its electoral districts in the wake of the 2010 decennial census. Plaintiff Mexican American Legislative Caucus ("MALC") filed an original petition in the 139th Judicial District Court of Hidalgo County, Texas on April

5, 2011, alleging that Defendants are using "inaccurate 2010 Census numbers" to determine compliance with the equal population requirements of the Texas Constitution and the United States Constitution during the redistricting of the Texas House Of Representatives, Texas Senate, Texas State Board of Education, and the United States House of Representatives.  Petition ¶ 19.  Defendants removed the instant lawsuit because federal question jurisdiction exists over MALC's claims.  *See* Docket No. 1, Notice of Removal.

This Court should exercise its jurisdiction and deny MALC's motion to remand for the following reasons.  ***First***, MALC's challenge to the impermissible population deviations among existing congressional districts is a claim that directly arises under Article I, Section 2 of the United States Constitution, and therefore, states a federal question.  ***Second***, MALC's claim that Defendants are using "inaccurate 2010 Census numbers" or "defective data" to determine compliance with the equal population requirements of the Texas Constitution and the United States Constitution necessitates the resolution of substantial, disputed questions of federal law.  ***Finally***, this Court has federal question jurisdiction over this action because MALC's claims are preempted under federal law.  Accordingly, for the reasons stated below, this Court should deny MALC's motion to remand.

## II.
## ARGUMENT & AUTHORITIES

A. **Federal Question Jurisdiction Exists On The Face Of MALC's Complaint Because Its Equal Population Challenge Arises Under Federal Law.**

MALC's claim regarding the requirement of population equality among congressional districts—the principle of one-person-one-vote—is derived directly from Article I, Section 2 of the United States Constitution and therefore raises a federal question.  *See* Petition ¶ 33 (alleging that the state's current congressional districts "have impermissible population deviations between

their largest and smallest district").  The Apportionment Clause of Article I, Section 2 of the United States Constitution, together with the amendment to that section made by Section 2 of the Fourteenth Amendment, requires seats in the United States House of Representatives to be apportioned among the states according to the "whole number of persons in each State" and to be elected "by the People of the several States."  U.S. CONST. art. I, § 2; amend. XIV, § 2.

In *Wesberry v. Sanders*, 376 U.S. 1 (1964), the Supreme Court held that "the command of Art. I, Section 2, that Representatives be chosen 'by the People of the several States' means that as nearly as is practicable one man's vote in a congressional election is to be worth as much as another's."  *Id*. at 7-8 (internal footnote omitted).  The court made clear that federal courts must consider constitutional challenges to congressional redistricting plans.  *Id*. at 7.  The congressional plan at issue in *Wesberry* contained districts that varied greatly in population, and the court held that such population variance made votes in the overpopulated districts worth less than votes in underpopulated districts in electing representatives to Congress, and that this violated Article I, Section 2 and the Fourteenth Amendment.  *Id*.  Thus, because the one-person-one-vote principle that governs congressional districts is based in Article I, Section 2 of the United States Constitution, the right to equal representation in a congressional district is inherently federal in nature.

MALC makes no effort to dispute this proposition in its motion to remand.  Instead, MALC emphasizes that remand is necessary because congressional redistricting is not the "exclusive" domain of the federal courts.  *See* Motion to Remand at 4.  This argument misses the point.  Defendants did not remove this action because federal courts have *exclusive* jurisdiction over all congressional redistricting claims.  In fact, Defendants acknowledge that the opposite is true.  The states have the primary duty and responsibility to redraw congressional districts in

compliance with the United States Constitution. *See Growe v. Emison*, 507 U.S. 25, 26 (1993); *see also Perry v. Del Rio*, 67 S.W.3d 85, 91 (Tex. 2001) ("The Legislature is the department constitutionally responsible for apportioning the State into federal congressional districts."). Further, if the Texas Legislature fails to enact a congressional districting plan, it first falls to the state courts and then the federal courts to reconstruct the State's congressional districts. *See Scott v. Germano*, 381 U.S. 407, 409 (1965) ("The power of the judiciary of a State to require valid reapportionment or to formulate a valid redistricting plan has not only been recognized by this Court but appropriate action by the States in such cases has been specifically encouraged."); *Voinovich v. Quilter*, 507 U.S. 146, 156 (1993) ("Federal courts are barred from intervening in state apportionment in the absence of a violation of federal law precisely because it is the domain of the States, and not the federal courts, to conduct apportionment in the first place."). These cases make clear that federal courts must defer to state courts when no *new* redistricting map has been drawn by the legislature.

But, the basis for removal of this action has nothing to do with the deference a federal court is required to give a state court under *Germano*. Rather, this case has been properly removed because its claims arise directly under Article I, Section 2 of the United States Constitution as MALC itself appears to urge in other courts even as it seeks remand and fees in this action.[1] The practice of deferring to state redistricting efforts is not a jurisdictional doctrine at all, and *Germano* does not affect the federal court's subject matter jurisdiction to consider

---

[1] MALC's argument that its claims do not arise under federal law is further undercut by the fact that it intervened in a case pending in the United States District Court for the Eastern District of Texas alleging claims that are virtually identical to the ones here. *See Teuber, et al. v. State of Texas, et al.*, Civ. A. No. 4:11-cv-00059-RAS (E.D. Tex. filed Feb. 2, 2011). Further, notwithstanding its present assertion that its claims do not arise under federal law, MALC initiated a federal lawsuit in the United States District Court for the Western District of Texas asserting the same challenge to the State's use of 2010 Census data to determine compliance with the equal population requirements of the United States Constitution. *See Mexican American Legislative Caucus v. State of Texas, et al.*, No. SA-11-CA-0361-OLG (W.D. Tex. filed May 9, 2011). MALC's actions demonstrate that challenges to the use of inaccurate census numbers and congressional redistricting claims implicate federal questions that are appropriate in federal court.

redistricting claims that arise under federal law, nor does it affect a defendant's right to remove a redistricting case that presents federal claims.[2]

In light of the notice of removal, MALC is now trying to recast the claims in this action as only involving a congressional redistricting claim. The allegations in MALC's complaint, however, tell a much different story. To be sure, MALC expressly alleges that the 2010 Census processes and procedures resulted in a substantial undercount of the Latino population, and that Defendants are using "inaccurate 2010 Census numbers" to determine compliance with the equal population requirements of the Texas Constitution and the United States Constitution during the redistricting of the Texas House of Representatives, Texas Senate, Texas State Board of Education, and the United States House of Representatives." Petition ¶¶ 16-19. Because MALC's challenge to the use of allegedly deficient Census data during the apportionment of congressional districts asserts an inherently federal right, MALC's claims arise under federal law within the meaning of 28 U.S.C. § 1331.

Significantly, while MALC purports to cite only Texas state law in its complaint, it clearly does not disavow the federal law that applies equally to its allegations. Courts have recognized that where a plaintiff's claims are somewhat ambiguous, remand may be appropriate if a plaintiff clarifies her claims to disavow any federal theory or remedy. *See, e.g., Easton v. Crossland Mort. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("Any lingering apprehension about the plaintiffs' intentions was resolved by plaintiffs' immediate actions clarifying their intent upon removal. From the genesis of the case, plaintiffs have adamantly eschewed relief based on federal law."); *Tatum v. Worley*, No. 2:07-cv-609-ID, 2007 WL 2461979, at *2 (M.D. Ala. Aug.

---

[2] MALC also contends that Defendants suggest the "Texas Constitution does not protect against malapportioned legislative and congressional districts." Motion to Remand at 3. Defendants do not dispute that the Texas Constitution protects against malapportioned state legislative districts. Defendants contend, and continue to maintain, that the Texas Constitution does not provide a right to equal population in *congressional districts*. *See* U.S. CONST. art. I, § 2; amend. XIV, § 2.

28, 2007) (granting a motion to remand where a plaintiff expressly disavowed any intent to rely on federal law). MALC has still left unanswered the question whether the source of its claims is state or federal and has made no effort to expressly disavow any reliance on federal law. As a result, MALC has failed to refute Defendants' assertion that its claims arise under federal law.

The allegations in MALC's complaint establish claims under the United States Constitution and the Voting Rights Act of 1965, all of which are sufficient to confer federal question jurisdiction on this Court. Because this action asserts claims arising under federal law and could have been originally filed in this Court pursuant to federal question jurisdiction conferred by 28 U.S.C. § 1331, removal was proper under 28 U.S.C. § 1441. This Court should therefore deny MALC's motion to remand.

### B. MALC's Complaint Raises A Claim Under The Equal Protection Clause Of The United States Constitution.

MALC's complaint also raises a federal question because it expressly invokes federal law by citing to precedent addressing the equal population requirement found in the Fourteenth Amendment to the United States Constitution. In challenging Defendants' use of the 2010 Census data to determine the number of representatives that will be reapportioned to the State's electoral districts, MALC expressly relies on precedent applying the federal one-person-one-vote principle embodied in the Equal Protection Clause of the Fourteenth Amendment. *See* Petition ¶¶ 32-33.

Although MALC claims that it cited to federal precedent "to inform this court of the contours of State Constitutional protections," Motion to Remand at 2, this is a legally dubious explanation. The precedent cited in the complaint does not shed any light on the meaning of the Texas Constitution. Indeed, MALC's explicit reliance on *Cox v. Larios*, 542 U.S. 124 (2004), for the proposition that the plans currently in place for the state electoral districts "have

impermissible population deviations between their largest and smallest district in violation of Plaintiffs'[sic] rights as protected by the Texas Constitution," is misplaced. *See* Petition ¶ 33. *Larios* says nothing of the Texas Constitution. Instead, it is a summary affirmance of a three-judge panel's decision that *Georgia's* state legislative districts violated the equal population requirement of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *See Larios v. Cox*, 300 F. Supp. 2d 1320, 1352-53 (N.D. Ga. 2004). MALC does not attempt to explain or justify how this case supports its argument that its claims only arise under state law. *See Carpenter v. Wichita Falls Ind. School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (noting that "[g]enerally, the plaintiff is the master of her complaint" and that she has the power to decide what law she will rely on).

Additionally, though MALC offered an amended citation to *Avery v. Midland County*, 406 S.W.2d 422 (Tex. 1966), its interpretation of the holding in that case is misleading as it erroneously implies that the United States Supreme Court held that the Texas Constitution requires that election districts have as equal population between districts as is practicable, or that the redistricting plan violated Article I, Section 3 of the Texas Constitution. *See* Motion to Remand at 2-3. In *Avery*, the Texas Supreme Court disagreed with the trial court's judgment "to the extent that it order[ed] a redistricting of the county on the sole basis of equality of population." *Id*. at 425. The court held that apportionment of county commissioner precincts in Midland County violated Article V, Section 18 of the Texas Constitution based on the "obvious arbitrariness" of the "patent malapportionment" and the "absence of any rational basis therefor." *Id*. at 428. The court specifically disagreed that the Equal Protection clauses of the Texas Constitution or the United States Constitution required equal populated commissioner precincts. *Id*. When the case reached the United States Supreme Court, it held that the United States

Constitution permitted no substantial variation from equal population in drawing districts for units of local government having general governmental powers. *Avery v. Midland County*, 390 U.S. 474, 480-81 (1968). In reaching this conclusion, the court addressed the one-person-one-vote principle of the Fourteenth Amendment of the United States Constitution, not the Texas Constitution. *See id*.

Accordingly, because MALC expressly relies on decisions applying the federal one-person-one-vote principle embodied in the Equal Protection Clause of the Fourteenth Amendment and fails to disavow any reliance on federal law, this Court should find that MALC has stated a claim that arises under federal law.

### C. In Any Event, MALC's Claims Necessarily Depend On The Resolution of Substantial, Disputed Questions Of Federal Law.

Regardless of its intention in explicitly pleading a federal claim, federal-question jurisdiction also exists here because MALC's state-law claims, however understood, will necessarily depend on the resolution of substantial, disputed questions of federal law.[3] A case with only pleaded state law claims may nevertheless arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005) (holding that removal was appropriate where state court claims "necessarily raise a federal issue [that is] actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"); *see Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (holding that a case arises

---

[3] Although MALC did not address Defendants' allegations that this Court has federal question jurisdiction because it seeks to adjudicate substantial disputed questions of federal law and that its claims are preempted under federal law, Defendants brief these issues as alternative bases to support removal.

under federal law if a well-pleaded complaint establishes that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law). The Fifth Circuit has set forth a four-part test for the application of the "substantial federal question doctrine." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). Federal question jurisdiction exists "where (1) resolving a federal issue is necessary to the resolution of the state court claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id*.

Here, MALC's allegations that Defendants are improperly using "inaccurate 2010 Census numbers" or "defective data" to determine compliance with the equal population requirements of the Texas Constitution and the United States Constitution necessitate the resolution of substantial, disputed questions of federal law. *See* Petition at 1, ¶ 19. In order to prove the merits of their alleged state constitutional challenges, MALC will need to demonstrate that the 2010 Census did in fact use processes and procedures designed to undercount Latinos in certain regions of Texas.

Defendants clearly satisfy all four *Singh* factors identified above. *First*, the embedded federal standards in MALC's purported state law claims satisfy the first element of the test because MALC will *need* to demonstrate that the 2010 Census was in fact inaccurate. This will require a full-scale litigation of the underlying accuracy of the processes and procedures for the 2010 Census. As a result, this is the classic case where federal standards are embedded in a state law claim.

*Second*, there is also an actual dispute involving the application of federal law in this case. For instance, with respect to MALC's claim regarding Defendants' use of defective 2010

Census data, it is clear the parties disagree as to whether the 2010 Census provided an accurate count of individuals in Texas and whether these figures should be used in redistricting.[4]

*Third*, the federal interest here is substantial. "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313. In *Grable*, the plaintiff brought a state quiet title action, claiming the defendant's record title was invalid because the IRS had failed to properly notify the plaintiff of its seizure of the property as required by federal statute. The court found a substantial federal interest in the state action, because "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in federal court" and because the IRS notice requirements implicate the government's "strong interest in the prompt and certain collection of delinquent taxes." *Id*. at 315 (quotation omitted). The Supreme Court later explained that the issue in *Grable* warranted a federal forum because it was "a nearly pure issue of law" that was case dispositive and would be controlling in other tax sale cases. *Empire Healthchoice Assurance*, 547 U.S. at 700. Similarly, this case involves an important issue of federal law: whether the 2010 Census was properly conducted and whether it produced an accurate count of individuals residing in certain parts of Texas. MALC's claim does not present a fact-bound situation; instead, it presents a pure issue of law "that could be settled once and for all and thereafter would govern numerous [redistricting] cases." *Id.* at 700-01. This issue clearly requires "resort to the experience, solicitude, and hope of uniformity that a federal forum offers." *Grable*, 545 U.S. at 312. As a result, Defendants

---

[4] Further, in order for there to be a complete and proper disposition of Plaintiff's claims, it will need to join additional necessary parties, such as the United States Secretary of Commerce and the Director of the United States Census Bureau, who are responsible for the administration of the decennial census under federal law. *See* U.S. CONST. art. I, § 2 (directing Congress to conduct an "actual Enumeration" every ten years following the initial census); 13 U.S.C. § 141.

have satisfied the substantiality factor as the federal issue is predominant and not merely a backdrop for a largely factual dispute.

*Finally*, allowing this action to proceed in federal court would not disturb the balance of federal and state judicial responsibilities. In *Singh*, the Fifth Circuit found that permitting legal malpractice claims to be brought into federal courts each time a lawyer is alleged to have committed malpractice with respect to a federal claim would "constitute a substantial usurpation of state authority in an area in which state courts have traditionally been dominant." 538 F.3d at 340. However, a comparable analysis produces a different jurisdictional conclusion in this case. Finding that MALC's challenge to the inaccuracy of the 2010 Census would not amount to much of a shift in cases to the federal courts nor upset the balance of federal and state jurisdiction. Thus, jurisdiction over actions like the one MALC presents in this case "would not materially affect, or threaten to affect, the normal currents of litigation." *Grable*, 545 U.S at 318. Accordingly, this Court should find that federal question jurisdiction exists in this case and removal was proper on this basis.

    **D. MALC's Challenge To Congressional Districts Is Removable Under the Doctrine of Complete Preemption.**

Alternatively, even if a federal question does not appear on the face of MALC's complaint, Article I, Section 2 of the United States Constitution preempts the state law causes of action brought by Plaintiff, and federal question jurisdiction therefore exists. "A plaintiff may not avoid removal jurisdiction by simply failing to plead a necessary federal question in the complaint." *Saadat v. Landsafe Flood Determination*, 253 Fed. App'x 343, 344 (5th Cir. 2007) (citing *Franchise Tax Bd.*, 463 U.S. at 22). "[E]ven though the plaintiff has artfully avoided any suggestion of a federal issue, removal is not defeated in hiding the federal question." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (citing *Rivet*, 522 U.S. at 475). "[A]

defendant can support removal by showing that a remedy the plaintiff seeks in his or her complaint is exclusively available under federal law." *Id*. at 551 (citing *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001)).

Here, MALC's claims are founded on rights and obligations that exist only under federal statutory and constitutional law. The basic obligation to create multiple single-member congressional districts is created by federal law alone. *See* 2 U.S.C. § 2c ("[T]here shall be established by law a number of districts equal to the number of Representatives to which such State is so entitled, and Representatives shall be elected only from districts so established, no district to elect more than one Representative."); *cf*. TEX. CONST. art. III, § 26 ("The members of the House of Representatives shall be apportioned among the several counties, according to the number of population in each, as nearly as may be, on a ratio obtained by dividing the population of the State, as ascertained by the most recent United States census . . . . ").

The state's obligation to ensure that those congressional districts are equally populated is also based exclusively on federal law. Because MALC alleges that the current congressional plans violate the equal population requirement, *see* Petition at 1, ¶¶ 32-33, its petition necessarily claims a violation of Article I, Section 2 of the United States Constitution, and its cause of action is therefore completely preempted under federal law.

### E. MALC Is Not Entitled To Attorney's Fees Pursuant To 28 U.S.C. § 1447(c).

Even if this Court determines that remand is necessary, it should deny MALC's request for attorney's fees pursuant to 28 U.S.C. § 1447(c). *See* Plaintiff's Motion to Remand at 5. When a district court remands a case, it has discretion to award the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. §

1447(c). This discretion, however, is not unlimited: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Valdes v. Wal-Mart Stores*, 199 F.3d 290, 292 (5th Cir. 2000) ("Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them."). In making this determination, the court "does not consider the motive of the removing defendant." *Valdes*, 199 F.3d at 292-93. Rather, the court must consider the objective merits of removal "at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Id*. at 293.

Because MALC's complaint contained "an objectively reasonable basis for seeking removal," this Court should not award attorney's fees under § 1447(c). While MALC claims there is "clearly established legal authority for review of redistricting in state courts," Motion to Remand at 5, it fails to direct this Court to any case law indicating that its congressional redistricting claims do not arise under federal law. Given that a challenge to the population equality requirement of congressional districts finds its support in the United States Constitution, Defendants clearly had a reasonable basis to remove this case. Further, the ambiguity of MALC's citation to federal precedent interpreting the Fourteenth Amendment was sufficient to provide Defendants with a good-faith basis for concluding that its claims may arise under federal law. Finally, MALC's argument that attorney's fees should be awarded because removal was done "for delay" and to "burden" it with additional costs of litigation is without merit. It is settled that a court must consider the merits of the issues and not the *motivation* of the removing party. *See Valdes*, 199 F.3d at 292. Accordingly, because Defendants had objectively

reasonable grounds upon which to remove this case, this Court should deny MALC's request for attorney's fees.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny MALC's motion to remand and request for attorney's fees.

Dated:  June 22, 2011   Respectfully Submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

DAVID C. MATTAX
Director of Defense Litigation

J. REED CLAY, JR.
Special Assistant and Senior Counsel
   to the Attorney General

 /s/ David Schenck
DAVID SCHENCK
Deputy Attorney General for Legal Counsel
Attorney-in-Charge
Texas Bar No. 17736870
Southern District No. 20478
ANGELA V. COLMENERO
Assistant Attorney General
Texas Bar No. 24048399
Southern District No. 1002881
P. O. Box 12548, Capitol Station
Austin, Texas 78711
Phone No. (512) 936-1342
Fax No. (512) 936-0545

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been sent *via* the court's electronic notification system on June 22, 2011 to:

Jose Garza
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, TX  78209

        */s/ David Schenck*
        DAVID SCHENCK
        Deputy Attorney General for Legal Counsel