IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES (MALC) § § § § PLAINTIFF § § § v. § § STATE OF TEXAS, et al., § § DEFENDANTS § | CAUSE NO. 7:11-cv-00144 |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

Defendants have responded to Plaintiff's Motion to Remand by asserting that Plaintiff seeks to remedy alleged federally protected voting rights in its Petition filed in Hidalgo County, Texas. Defendants are wrong. While many of Plaintiff's claimed violations of Texas State Constitutional and Statutory protections may also be protected under federal law, Plaintiff only seeks to enforce those rights as they are protected under State law. If the Defendants believe that the Texas Constitution does not afford protections for such things as minority vote dilution or equally populated election districts, the appropriate remedy would have been a motion to dismiss in State Court rather than removal. Plaintiff's factual allegations support their claims of violations of Texas Constitutional and Statutory protections and Plaintiff only seeks by its Petition to enforce these protections solely under Texas law. Plaintiff's petition on its face advances only State law claims and this case should be remanded and Plaintiff awarded attorney's fees.

ARGUMENT

Defendants assert that when the United States Supreme Court determined that, in redistricting matters, United States District Courts should initially defer to state courts in determining the legality of redistricting plans, such deference applied only so long as the State legislature had failed to act. (Docket Doc. 6, Def's Response to Motion to Remand, p. 4). Yet, in *Growe v. Emison*, 507 U.S. 25, 29-30 (1993), the Minnesota legislature had in fact adopted a new redistricting plan and the Minnesota state court had declared the new plan unconstitutional pursuant to both the state and federal constitutions. *Growe*, 507 U.S. at 29-30. While the Defendants here acknowledge the primary obligation of the state to address redistricting issues it misreads *Growe* to limit the state obligation to situations where no plans have been legislatively adopted. The United States Supreme Court places no such limits on states. Instead, the precedent is clear:

> "Today we renew our adherence to the principles expressed in *Germano*, which derive from the recognition that the Constitution leaves with the States primary responsibility for apportionment of their federal congressional and state legislative districts. See U.S. Const., Art. I, § 2. "We say once again what has been said on many occasions: reapportionment is primarily the duty and responsibility of the State through its legislature or **other body**, rather than of a federal court." *Chapman v. Meier, 420 U.S. 1, 27, 42 L. Ed. 2d 766, 95 S. Ct. 751 (1975)*. **Absent evidence that these state branches will fail timely to perform that duty, a federal court must neither affirmatively obstruct state reapportionment nor permit federal litigation to be used to impede it.**"

*Growe*, 507 U.S. at 34.

Moreover, contrary to the Defendants' interpretation of Plaintiff's Petition, Plaintiff makes no claims under the United States Constitutions or any federal statutes. While the factual allegations may raise federal law claims, such facts also raise state law claims. In fact, Texas state courts often look to federal law to determine the scope of state constitutional and statutory

2

protections and have determined that in some instances the protections afforded litigants under either theory is the same. *See Perry v. Del Rio*, 66 S.W.3d 239, 242 (Tex. 2001).

In *Del Rio*, the Texas Supreme Court was asked to resolve, pursuant Texas law, which of four redistricting cases filed in Travis County and Harris County state district court should be tried first. *Perry v. Del Rio*, 66 S.W.3d 239, 242 (Tex. 2001)("The central dispute is over which of the two district courts has dominant jurisdiction and should proceed to trial first.")  In making that determination, the Texas Supreme Court addressed three issues: *first*, can a court have subject matter jurisdiction over a claim that was not ripe when the case was filed but became ripe while the case was pending; *second*, does a case filed on a claim that is not yet ripe have dominant jurisdiction over a case filed on the same claim after it has become ripe; and *third*, when did the challenges to the existing congressional districts in the cases become ripe.  Thus, the question of dominant jurisdiction was addressed in terms of which case was ripe for adjudication first.

The Texas Supreme Court determined that whether and when cases in *Del Rio* were or became ripe is a question of state law, although informed by federal jurisprudence:

> "Ripeness is one of several categories of justiciability.  A threshold question is whether federal or state law determines the ripeness of federal constitutional claims like those made in the four pending cases. In determining standing, another justiciability issue, the United States Supreme Court has said that "state courts are not bound to adhere to federal standing requirements."  With federal constitutional rights at issue, **we have sometimes sought guidance on ripeness issues in more extensively developed federal jurisprudence, but we have done the same with standing issues without ceding the authority of state law**. We are inclined to think that ripeness, like standing and other justiciability issues, should be determined by state law, as long as applying state law does not defeat what Professor Wright has called "the uncertainly defined obligation of state courts to provide a remedy for federal

3

>wrongs," but as it applies here at least, **we see no difference between our law and federal law**.

*Del Rio*, 66 S.W. 3d at 249. (emphasis added, citations omitted).

CONCLUSION

Under the facts of this case and the guidance provided by the United States Supreme Court and the Texas Supreme Court, Plaintiff urges this Court to remand this action to the State District Court in Hidalgo County, Texas.

DATED: July 7, 2011                                    Respectfully submitted,

                                                       ___/s/ Jose Garza_____
                                                       Jose Garza
                                                       State Bar No. 07731950
                                                       Law Office of Jose Garza
                                                       7414 Robin Rest Dr.
                                                       San Antonio, Texas 78209
                                                       210-392-2856
                                                       garzpalm@aol.com

                                                       JOAQUIN G. AVILA
                                                       LAW OFFICE
                                                       P.O. Box 33687
                                                       Seattle, Washington 98133
                                                       Texas State Bar # 01456150
                                                       (206) 724-3731
                                                       (206) 398-4261 (fax)
                                                       jgavotingrights@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent by the Court's electronic notification system and United States certified mail return receipt requested on July 7, 2011 to:

Greg Abbott, Attorney General of Texas
Daniel T. Hodge, 1st Assistant Attorney General
Bill Cobb, Deputy Attorney General for Civil Litigation
David C. Mattax, Director of Defense Litigation
David Schenck, Deputy Attorney General of Legal Counsel, and Attorney in Charge
J. Reed Clay, Jr. Special Assistant and Senior Counsel to the Attorney General
Angela V. Colmenero, Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711

                                                  ___/s/ Jose Garza_____
                                                  Jose Garza