IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES (MALC), *Plaintiff*, | § § § § § | |
| v. | § § | |
| STATE OF TEXAS, RICK PERRY, In his Official Capacity as Governor of The State of Texas, DAVID DEWHURST, In His Official Capacity as Lieutenant Governor of the State of Texas, and JOE STRAUS, in his Official Capacity as Speaker of the Texas House of Representatives *Defendants*. | § § § § § § § § § § | CAUSE NO. 7:11-cv-00144 |

**JOINT DISCOVERY PLAN UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

Plaintiff Mexican American Legislative Caucus ("MALC") and Defendants State of Texas, Rick Perry, in his official capacity as Governor of the State of Texas, David Dewhurst, in his official capacity as Lieutenant Governor of the State of Texas, and Joe Straus, in his official capacity as Speaker of the Texas House of Representatives, (collectively, "Defendants") submit this joint discovery plan under Federal Rule of Civil Procedure 26(f) pursuant to the Court's scheduling order.

1.  **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

    The parties conducted a Rule 26(f) conference on July 14, 2011 via telephonic conference. Jose Garza, counsel for MALC, and Angela Colmenero, counsel for Defendants, participated in the conference.

2. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   *See* Docket Entry Nos. 7 and 11 for a description of other redistricting cases pending in Texas federal courts that are related to this case.

3. **Briefly describe what this case is about.**

   *Defendants' Position*
   This is a redistricting case. MALC filed an original petition in the 139th Judicial District Court of Hidalgo County, Texas on April 5, 2011, alleging that Defendants used "inaccurate 2010 Census numbers" to determine compliance with the equal population requirements of the Texas Constitution and the United States Constitution during the redistricting of the Texas House of Representatives, Texas Senate, Texas State Board of Education, and the United States House of Representatives.

   *Plaintiff's Position*
   This is a redistricting case. MALC filed an original petition in the 139th Judicial District Court of Hidalgo County, Texas on April 5, 2011, alleging that Defendants use of the 2011 Census without accounting for the undercount of Latino population had a discriminatory effect on Latino voters of Texas in that it would limit the number of Latino majority opportunity districts that the State would develop in its state redistricting plans, in violation of Texas Constitutional and Texas Statutory protections. Moreover, Plaintiff alleged that the plans in existence at the time of the filing of this action had impermissible population variances in violation of the Texas Constitution. Plaintiff had no federal claims in its Petition. Specifically, Plaintiff alleged violations of Tex. Cons. art. I, §§ 3, 3a, and 19, § 106,001 of the Tex. Civ. P. and R. Code, and § 37.003, of the Tex. Civ. P. and R. Code.

4. **Specify the allegation of federal jurisdiction.**

   Defendants removed this case on May 13, 2011 because federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. *See* Defendants' Notice of Removal, Docket Entry No. 1. MALC's challenge to the impermissible population deviations among existing congressional districts is a claim that directly arises under Article I, Section 2 of the United States Constitution, and therefore, states a federal question. MALC's claim that Defendants used "inaccurate 2010 Census numbers" or "defective data" to determine compliance with the equal population requirements of the Texas Constitution and the United States Constitution necessitates the resolution of substantial, disputed questions of federal law. Further, this Court has federal question jurisdiction over this action because MALC's claims are preempted under federal law.

5. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   MALC disagrees with the allegation of federal question jurisdiction and has filed a motion to remand. MALC refers this Court to its motion to remand for a description of the grounds on which it contests federal question jurisdiction.

6. **List anticipated additional parties that should be included, when they can be added, and by which parties desire their inclusion.**

   None at this time.

7. **List anticipated interventions.**

   None at this time.

8. **Describe any class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   The parties have agreed to exchange Rule 26(a) disclosures on July 20, 2011.

10. **Describe the discovery plan agreed by the parties by stating:**

    A. **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a).**

    Defendants' have added an additional section in their disclosures setting forth the factual bases for their respective claims and defenses, which is consistent with the manner in which the parties are proceeding in similar consolidated cases pending in the United States District Court for the Western District of Texas, San Antonio Division. MALC does not agree to this change.

    B. **When and to whom the plaintiff anticipates it may send interrogatories.**

    MALC does not intend to litigate its State law claims in the United States District Court for the Southern District of Texas.

    C. **When and to whom the defendant anticipates it may send interrogatories.**

    Defendants have proposed that they will send interrogatories to MALC by August 1, 2011.

    D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

    MALC does not intend to litigate its State law claims in the United States District Court for the Southern District of Texas.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate they will need to conduct a Rule 30(b)(6) deposition of an organizational representative of MALC, depositions of MALC's expert witnesses, and depositions of any fact witnesses MALC discloses in its initial disclosures. Defendants have proposed that the parties schedule these depositions for the last two weeks of August 2011.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

MALC does not intend to litigate its State law claims in the United States District Court for the Southern District of Texas. Defendants have proposed that they will be able to designate their responsive experts after MALC designates its expert witnesses.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

MALC does not intend to litigate its State law claims in the United States District Court for the Southern District of Texas.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendants anticipate that they will need to depose the experts MALC designates and have proposed that the parties schedule these depositions for the last two weeks of August 2011.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

October 17, 2011.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   None.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   Given the nature of the claims asserted, the parties do not believe that settlement is a possibility at this time.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

   Given the nature of the claims asserted, the parties do not believe that alternative dispute resolution techniques would be effective at this time.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   Defendants do not consent to trial before a magistrate judge.
   MALC does not consent to trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

   MALC has not made a jury demand.

19. **Specify the number of hours it will take to present the evidence in this case.**

   The parties expect that trial will last at least ten days.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   MALC has filed a motion to remand this case to state court. Defendants have filed a motion to convene a three-judge court and a motion to transfer this case to the United States District Court for the Western District of Texas, San Antonio Division where the other redistricting cases are pending.

21. **List other motions pending.**

   None.

**22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Because this is a redistricting case, this Court must notify the Chief Judge of the Fifth Circuit pursuant to 28 U.S.C. § 2284(b)(1) so that she may designate two other judges to hear this case.  MALC does not believe this Court has jurisdiction over this cause and therefore 28 U.S.C. § 2284 (b)(1) is not applicable.

**23.    List the names, bar numbers, addresses and telephone numbers of all counsel.**

*Counsel for Plaintiff Mexican American Legislative Caucus*
Jose Garza
State Bar No. 07731950
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, TX  78209
210-392-2856
garzpalm@aol.com

Joaquin G. Avila
State Bar # 01456150
P.O. Box 33687
Seattle, Washington 98133
 (206) 724-3731
(206) 398-4261 (fax)
jgavotingrights@gmail.com

*Counsel for Defendants*
David Schenck
Deputy Attorney General for Legal Counsel
Attorney-in-Charge
Texas Bar No. 17736870
Southern District No. 20478
Angela V. Colmenero
Assistant Attorney General
Texas Bar No. 24048399
Southern District No. 1002881
P. O. Box 12548, Capitol Station
Austin, Texas 78711
Phone No. (512) 936-1342
Fax No. (512) 936-0545

Dated:  June 22, 2011                               Respectfully Submitted,


                                                                      /s/ Jose Garza_____
Jose Garza
State Bar No. 07731950
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, Texas 78209
210-392-2856

Joaquin G. Avila
Law Office
Texas State Bar # 01456150
P.O. Box 33687
Seattle, Washington 98133
 (206) 724-3731
(206) 398-4261 (fax)

COUNSEL FOR PLAINTIFF

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

DAVID C. MATTAX
Director of Defense Litigation

J. REED CLAY, JR.
Special Assistant and Senior Counsel
  to the Attorney General

 /s/ David J. Schenck
DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel
Attorney-in-Charge
Texas Bar No. 17736870
Southern District No. 20478
ANGELA V. COLMENERO
Assistant Attorney General
Texas Bar No. 24048399
Southern District No. 1002881
P. O. Box 12548, Capitol Station
Austin, Texas 78711
Phone No. (512) 936-1342
Fax No. (512) 936-0545

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document has been sent *via* the court's electronic notification system on July 22, 2011 to:

Jose Garza
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, TX  78209

        */s/ David J. Schenck*
        DAVID J. SCHENCK
        Deputy Attorney General for Legal Counsel